1 | BRIAN J. STRETCH (CABN 163973)
United States Attorney

2

3 | BARBARA VALLIERE (CABN 147374)
Chief, Criminal Division

4 | WILLIAM FRENTZEN (LABN 24421)
KATHRYN HAUN (DCBN 484131)

5 | MERRY JEAN CHAN (CABN 229254)
Assistant United States Attorneys

6

7 |        450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
        Telephone:  (415) 436-6959

8 |        Fax:  (415) 436-7234
        William.Frentzen@usdoj.gov; merry.chan@usdoj.gov

9

10 | ANDREW S. PAK (NYBN 4463436)
CATHERINE ALDEN PELKER (MD)
Trial Attorneys

11

12 |        Department of Justice
        Computer Crime & Intellectual Property Section
        1301 New York Avenue, N.W., Suite 600

13 |        Washington, D.C. 20005
        Andrew.Pak@usdoj.gov; Catherine.Pelker@usdoj.gov

14

Attorneys for United States of America

15

16 |                    UNITED STATES DISTRICT COURT

17 |                  NORTHERN DISTRICT OF CALIFORNIA

18 |                     SAN FRANCISCO DIVISION

19 | IN THE MATTER OF THE SEARCH OF        )  Case No. 3:16-mc-80263-LB
CONTENT STORED AT PREMISES              )

20 | CONTROLLED BY GOOGLE INC. AND          )
FURTHER DESCRIBED IN ATTACHMENT         )  UNITED STATES' STATEMENT RE:

21 | A                                      )  STIPULATION OF FACTS
                                         )

22 |                                        )
                                         )

23 |                                        )
                                         )

24 | _____)

25

26

27

28

U.S. STATEMENT RE: STIPULATION

The Court ordered that the parties confer in order to file a Stipulation of Facts to further inform the Court's ruling in this matter.  The parties did so, and have filed that Stipulation for the Court.  The government, however, sought additional factual stipulations relevant to the Court's order that were declined by Google.  To be clear, the government stands by the Stipulation filed by the parties, but views those facts as a starting point and incomplete in order to provide the Court with a full basis for a decision in this case.  The additional facts that the government believed were appropriate responses to the Court's Order and essential for the Court's ruling – but that Google refused to agree to – were the following:

1.      Google is currently able to identify whether or not its user data is stored inside the United States.  For any data that is located outside the United States, Google is currently unable to determine in which foreign country such data is located.

2.      Google represents that none of the data called for by the warrant was present in the United States following service of the Court's warrant on Google up to Google's final production of data to the government.

As noted, Google declined to agree to these stipulations.  Instead, Google filed Google Inc.'s Statement in Response to Order for Additional Information and Setting Process to Resolve any Disputes for Content That Does Not Exist, with supporting declarations from Emily Guy and John R. Tyler.  *See* Dkt. 38.  However, this submission does not address the following factual questions.

First, Google has indicated that it is able to determine "the location of records" and that it is able to produce certain "records that are stored within the United States."  It does not, however, indicate whether it can also provide to the Government the location of any foreign-stored data.  Knowing whether Google can in fact identify such information about any of its foreign-stored data is critical to understanding just how feasible, or infeasible, reliance on international processes such as an MLAT request would be.

Second, Google has so far only stipulated that its data moves from place to place, and that it can

U.S. STATEMENT RE: STIPULATION

1

identify domestically stored data "at the time of the query." It has not, however, identified whether any of the data sought by the underlying warrant was present in the United States at any time during the pendency of the warrant. If the data was present in the United States during that time period, then it should have been produced pursuant to the Court's warrant.

Accordingly, the government believes that these two additional areas are important for the decision facing the Court. The government therefore respectfully submits that the Court should make appropriate inquiry of the following questions, either through an Order requiring additional Declarations from Google or through an evidentiary hearing.

The government seeks the Court's guidance as to whether it seeks answers to those questions through further Declarations or through an evidentiary hearing.

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

_____/s/_____
WILLIAM FRENTZEN
Assistant U.S. Attorney
ANDREW S. PAK
Trial Attorney
U.S. Department of Justice

U.S. STATEMENT RE: STIPULATION

2