BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA VALLIERE (CABN 147374)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
KATHRYN HAUN (DCBN 484131)
MERRY JEAN CHAN (CABN 229254)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6959
    Fax: (415) 436-7234
    William.Frentzen@usdoj.gov; merry.chan@usdoj.gov

ANDREW S. PAK (NYBN 4463436)
CATHERINE ALDEN PELKER (MD)
Trial Attorneys

    Department of Justice
    Computer Crime & Intellectual Property Section
    1301 New York Avenue, N.W., Suite 600
    Washington, D.C. 20005
    Andrew.Pak@usdoj.gov; Catherine.Pelker@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF CONTENT STORED AT PREMISES CONTROLLED BY GOOGLE INC. AND FURTHER DESCRIBED IN ATTACHMENT A | Case No. 3:16-mc-80263-LB<br><br>REDACTED VERSION OF DOCUMENTS<br><br>ATTACHMENT TO STIPULATION REGARDING REDACTIONS<br><br>(PART 4 of 5) |

REDACTED VERSION OF DOCUMENTS

MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

KATHRYN R. HAUN (DCBN 484131)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    kathryn.haun@usdoj.gov

Attorneys for United States of America

**FILED**

JUN 1 6 2014

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEARCH OF THE CONTENT OF GMAIL ACCOUNT,<br>- and -<br>IN RE SEARCH OF THE CONTENT OF ACCOUNT (XXX) XXX-9145 SERVICED BY GOOGLE VOICE | CASE NO. 13 90556-MISC-LB<br><br>**STIPULATION FOR THE RESOLUTION OF THE GOVERNMENT'S MOTION FOR AN ORDER TO SHOW CAUSE AS TO GOOGLE INC.** |

1. Pursuant to Criminal Local Rule 47-4, Google Inc. ("Google") and the United States jointly submit this Stipulation.

**PROCEDURAL HISTORY**

March Subpoena

2. On March 28, 2013, a federal Grand Jury subpoena was served on Google (the "March subpoena"). That subpoena commanded a Google representative to produce, inter alia, records associated with a specified phone number serviced by Google (the "subject number") by April 12, 2013. The records sought were generally for subscriber data, including any connection records, and names. The subpoena provided that in lieu of producing records, a Google Custodian of Records could appear to testify.

3. The March subpoena was accompanied by a cover letter specifying that if Google anticipated having any problems meeting the subpoena deadline, that it should contact the assigned AUSA rather than waiting until the subpoena return date passed. The letter provided the direct dial numbers of both the AUSA and agent.

4. Google represents that it promptly began processing the March subpoena, but experienced issues, described below, that delayed its response. The parties agree that Google did not produce any records or have a Custodian of Records appear to provide testimony before the Grand Jury by April 12, 2013 as required. The parties also agree that Google did not contact the government to seek an extension of time for compliance with the Grand Jury subpoena.

5. On April 19, 2013, Google responded to the March subpoena with a letter transmitted by email stating that after a "diligent search," Google had found no subscriber information for the subject number and therefore did not have any documents responsive to the request. The email transmitting the letter, which was sent from a dedicated email address for sending outgoing productions, stated that no replies to the email address were accepted.

April Search Warrant

6. On April 30, 2013, the Honorable Nathanael Cousins issued a search warrant for information and content associated with the subject number (the "April warrant"). The April warrant was served on Google via fax on the following day. The warrant Judge Cousins issued commanded the

2

1  authorized law enforcement officer to execute the warrant on or before May 13, 2013.

2  7.  The parties agree that Google did not produce information called for by the April warrant on May 13, 2013.

4  8.  On May 22, 2013, Special Agent Megan Long emailed Google to report that the government had not received any records in response to the April warrant and requested a contact telephone number to speak with someone at Google regarding not receiving anything back in response to the April warrant. The parties agree that Google did not respond to this message.

8  9.  On May 29, 2013, Google responded to the April warrant with a letter stating that Google had found no subscriber information for the subject number and therefore did not have any documents responsive to the warrant. This information may or may not have been correct, as discussed further below in Paragraphs 23-25.

May Search Warrant

13  10.  On May 30, 2013, the Honorable Joseph C. Spero issued a search warrant for content associated with a specified Gmail account (the "May warrant"). The May warrant commanded the authorized law enforcement officer to execute the warrant on or before June 10, 2013, and commanded Google to produce the materials "forthwith." The warrant was served on Google via email the morning of May 31, 2013. The May warrant was accompanied by a cover letter from Assistant U.S. Attorney Kathryn Haun stating that the Court had ordered Google's compliance on or before June 10, 2013, noting this was a date that had been set by the Court and that the last Court Order in the investigation had not been timely complied with and highlighted that this pertained to a murder case.

21  11.  The parties agree that Google did not produce responsive information to the May warrant by June 10, 2013. The witness whose email account was the subject of the May warrant testified on June 12, 2013 before the Grand Jury. The parties agree that the Grand Jury did not have the records called for by the May warrant on June 12, 2013.

25  12.  On June 12, 2013, AUSA Haun sent a letter to Google via email asserting non-compliance with both the April warrant and the May warrant.

27  13.  On the evening of June 12, 2013, a Google employee left a voicemail for AUSA Haun stating that (1) Google did not have records responsive to the April warrant because the account

3

associated with that phone number had been deleted and (2) Google would expedite production on the May warrant. The voicemail left no return number but specified that if there were any questions AUSA Haun could send an email to Google's compliance email address and include the employee's name in the subject line so that it would reach that employee.

14. On June 13, 2013, in response to the voicemail left for AUSA Haun the night before, AUSA Haun emailed the compliance email address addressing it to the employee in the subject line as directed, and stating that Google's reply was not satisfactory and asking that the matter be elevated. No reply email or call was received, but later that same day Google delivered the records in response to the May warrant to Federal Express, addressed to Special Agent Long. The cover letter referenced the production of 4 files, including a mailbox file, along with associated hash values for each file. Special Agent Long reported to AUSA Haun that this production did not contain any mailbox files, something she had other agents review and confirm. Google believes that its June 13 production did include mailbox files. In any event, Google produced the mailbox file on August 9, 2013.

15. Specifically, on August 9, 2013, a Google Custodian of Records sent materials responsive to the May warrant to Agent Long via Federal Express. Agent Long was able to access mailbox files from this production. At this point, the witness to whom the mailbox files pertained had already testified before the Grand Jury, as discussed above.

**LITIGATION**

16. On June 27, 2013, the United States filed under seal a Motion for Order to Show Cause for Noncompliance with Two Federal Court Orders ("Motion").

17. On August 6, 2013, this Court issued an Order to Show Cause under seal directing Google to file a response within two weeks of service of the Order.

18. The United States served the Order to Show Cause on Google on August 8, 2013, making Google's response date August 22, 2013.

19. On August 21, 2013, the United States and Google filed a joint Stipulation seeking an extension of time for Google's response to the Order to Show Cause to September 12, 2013. Thereafter, the parties jointly requested, and the Court granted, a number of extensions of time for the response while the parties engaged in negotiations to resolve the Motion. Most recently, the Court granted

1  Google an extension to June 13, 2014.

2     20.   On October 22, 2013, the United States moved to unseal its Motion for an Order to Show Cause given that the underlying April and May warrants were both by that point unsealed. The Court granted the government's unsealing motion.

**FACTUAL BACKGROUND**

     21.   Google represents that it has a specialized team within the legal department tasked with responding to legal process issued by law enforcement entities in the United States. In 2013, Google reported receiving 21,492 pieces of legal process seeking information on 39,937 accounts.

     22.   Google represents that during the second quarter of 2013, when the volume of legal process was hitting record highs, the law enforcement compliance unit lost several experienced members. This led to significant delays in Google's response to legal process, including the April search warrant and the May search warrant. Google acknowledges that this backlog significantly delayed its processing of the April search warrant and the May search warrant, and further acknowledges that the tooling issues described below caused it to not make a production in response to the March Grand Jury subpoena. Google further acknowledges that it did not contact the government or the Court to alert them or to request extensions.

     23.   Google represents that its law enforcement compliance unit uses export tools to extract data in response to legal process related to Google accounts and services. The response to the March subpoena was delayed because on April 1 and April 3, team members of increasing seniority attempted to extract the data, but each time the tool returned a message that would be expected when the target number is not associated with a Google account. Google further represents that it ultimately determined that the account at issue in the March subpoena and the subsequent April warrant had been deleted by the user on March 14, 2013, and was purged by the system on April 14, 2013. Because Google's system may have incorrectly indicated that Google did not have responsive data related to this subscriber, see Paragraph 24, Google responded to the March subpoena with a letter stating that it had found no responsive documents.

     24.   After receiving the Order to Show Cause, Google represents that the law enforcement compliance unit discovered two issues related to the export tooling that may or may not have impacted

5

1  the ability to produce records in response to the March subpoena and the April warrant. Specifically, the
2  engineering tool Google used experienced a "tool failure" such that it generated a failure message
3  indicating that no responsive data was found once a user deleted or closed an account, even if Google in
4  fact possessed responsive data. Google determined that it generally maintains subscriber information
5  and call records associated with an account for 30 days after an account was deleted, i.e. in this case
6  until about April 14, 2013, but that information was not being extracted by the team's export tools and
7  could only be obtained through a manual query by an engineer. Google also discovered that, during the
8  relevant time period, data related to telephone calls placed to and from a Google Voice number was
9  stored in a separate database for a period of 90 days from the date the call was made, but this data could
10 also only be retrieved through a manual query by an engineer.

11     25. Thus, the parties agree that during the timeframe that Google was under the March
12 subpoena and the April warrant for the subject account, Google may have possessed data responsive to
13 that subpoena and that search warrant, to include subscriber name, information and content associated
14 with the subject number, but because of both the above-described tooling issues and the backlog in its
15 compliance department, the legal compliance unit was unaware of the potential existence of such
16 records. Any such records, to the extent they existed at the time of the March subpoena and/or April
17 warrant, have since been purged and are not available for the murder trial which the government
18 represents has been set in the underlying case.

19 **RESOLUTION**

20     26. The United States and Google have engaged in constructive discussions aimed at
21 addressing the concerns of the United States.

22     27. Google represents that since the government's Order to Show Cause was filed it has
23 increased the size of its law enforcement compliance unit and has now resolved the backlog and that for
24 the first quarter of 2014, the average turn-around time for responding to criminal legal process from U.S.
25 authorities was 8 days from the date of receipt.

26     28. Google represents that it has also created a dedicated email address for prosecutors and
27 agents to request expedited handling for (or to inquire about the status of) pending warrants and other
28 compulsory process, and informed Assistant United States Attorneys in this and other Districts of its

1 availability.

2     29. Google represents that it has also completed engineering efforts to ensure that it can produce available records of the type at issue here in response to future valid legal process seeking such records.

3     30. Google represents that it has now provided to the United States all currently available information responsive to the above-referenced legal processes. Google acknowledges that records responsive to the March Grand Jury subpoena and the April search warrant may have still existed at the time of the March subpoena and April search warrant, and if so could have been provided to the United States, but were not because of Google's tooling issues and backlog detailed above, and Google represents that it was unaware of the potential existence of such records at the time.

    31. Google understands that the United States intends to summon Google employees to testify truthfully at trial in 13-CR-93-JST concerning these facts and circumstances. Google agrees that it will provide such witnesses and has accepted service of a summons accordingly.

    32. It is hereby STIPULATED AND AGREED by and between the undersigned counsel for Google and the United States that, in light of the steps Google has taken in response to the government's motion, the Motion for an Order to Show Cause should be dismissed without prejudice. It is hereby further STIPULATED AND AGREED that the instant STIPULATION pertains only to the March subpoena, the April warrant, and the May warrant discussed herein and the United States Attorney's Office for the Northern District of California does not by entering into this STIPULATION intend to bind any other office or jurisdiction that may assert noncompliance with legal process in the future.

//
//
//

DATED: June 13, 2014                                  /s/

                                             KATHRYN R. HAUN
                                           Assistant United States Attorney

                                           Counsel for United States

DATED: June 13, 2014                                  /s/

                                           MARK ECKENWILER
                                           Perkins Coie LLP
                                           700 Thirteenth Street N.W.
                                           Washington, D.C. 20005

                                           KEVAN FORNASERO
                                           Perkins Coie LLP
                                           Four Embarcadero Center Suite 2400
                                           San Francisco, CA 94111

                                           Counsel for Google Inc.

      Pursuant to STIPULATION, and given the Resolution in the parties' joint stipulation above, the Motion for Order to Show Cause is hereby dismissed without prejudice. IT IS SO ORDERED.

DATED: June 16, 2014

                                           HON. LAUREL BEELER
                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES,

    Plaintiff,

v.

UNDER SEAL,

    Defendant.

Case Number: CR 13-90556 MISC LB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 18, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevan Fornasero
Perkins Coie, LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131

Kathryn R. Haun
United States Attorney's Office
450 Golden Gate Avenue
San Francisco, CA 94102

Dated: June 18, 2014

*Lashanda Scott*
Richard W. Wieking, Clerk
By: Lashanda Scott, Deputy Clerk

BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA VALLIERE (CABN 147374)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
KATHRYN HAUN (DCBN 484131)
MERRY JEAN CHAN (CABN 229254)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6959
    Fax: (415) 436-7234
    William.Frentzen@usdoj.gov; merry.chan@usdoj.gov

ANDREW S. PAK (NYBN 4463436)
CATHERINE ALDEN PELKER (MD)
Trial Attorneys

    Department of Justice
    Computer Crime & Intellectual Property Section
    1301 New York Avenue, N.W., Suite 600
    Washington, D.C. 20005
    Andrew.Pak@usdoj.gov; Catherine.Pelker@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: SEARCH WARRANT FOR PRODUCTION BY GOOGLE ISSUED ON JUNE 30, 2016 | Case No. CR 16-mc-80263 (LB)<br><br>DECLARATION OF HSI SPECIAL AGENT MICHAEL DELANEY IN SUPPORT OF UNITED STATES' RESPONSE TO GOOGLE<br><br>**FILED UNDER SEAL** |

DECLARATION OF SA DELANEY

I, Michael Delaney, hereby swear and affirm under penalty of perjury as follows:

1. I am a Special Agent with Homeland Security Investigations (hereinafter "HSI"), U.S. Department of Homeland Security.

2. In my capacity as a Special Agent, I have been assigned to the instant investigation that involves ▮▮▮▮▮▮▮▮▮▮▮▮

3. On June 30, 2016, this Court issued a search warrant for data from Google, Inc., concerning Gmail accounts used by the targets of this investigation.

4. On July 6, 2016, I served the search warrant issued by this Court on Google.

5. The search warrant called for execution by July 14, 2016, and production by Google "FORTHWITH."

6. By July 14, 2016, Google provided nothing.

7. On September 28, 2016, Google provided certain Gmail account information responsive to the search warrant. Notably, this production missed certain email attachments and data for certain emails accounts that had been sought under the warrant; data that was expected to be responsive to the Court's search warrant.

8. Along with Google's September 28, 2016 response with data it provided pursuant to the search warrant, they indicated in a letter enclosed with the data that they would not further comply with the search warrant, as it would not produce certain data, citing the case of *Microsoft, Inc. v. United States*, 2016 WL 3770056 (2nd Cir. July 14, 2016). In Google's response, it did not provide a telephone number for contact, only their general email address for U.S. law enforcement correspondence.

9. On October 3, 2016, I emailed Google requesting clarification as in their initial response, there was no information provided as to specifically what data was or was not provided.

10. Subsequent examination of the data provided by Google by myself and other agents indicates that the government received a considerable amount of email data responsive to the search warrant. However, most notably, files attached to and sent with the email evidence ("attachments") were not present with the email information itself.

11. On October 12, 2016, I was contacted by and spoke with a Google employee concerning my

DECLARATION OF SA DELANEY

1

| | |
|---|---|
| 1 | October 3 inquiry about the data they did not provide to the government. The Google employee |
| 2 | said due to the 2nd Circuit *Microsoft* decision, Google's position was that Gmail data stored on |
| 3 | Google's overseas servers was not to be provided to the government. The employee explained, |
| 4 | this primarily impacted the email communications of ▮▮▮▮▮▮▮▮▮▮ sought through the |
| 5 | search warrant. |
| 6 | 12. The Google employee also explained the reason why the email attachments were not present is |
| 7 | that this type of information is send in "packets" through the internet, in essence, the data files |
| 8 | are broken in many different pieces, sent by varying routes to their destination, where they are |
| 9 | reassembled. The net effect to the government in this case being that since certain packets would |
| 10 | transit Google's network abroad, those packets transiting overseas then are not available for |
| 11 | reassembly with other packets of responsive data. Therefore, the email attachments, missing |
| 12 | those packets sent overseas, cannot properly reassemble and be assimilated with the rest of the |
| 13 | email data to complete the email files to be provided to the government as ordered by the court. |
| 14 | 13. In voicemail to AUSA Frentzen, Google counsel, John R. Tyler referenced the Court's search |
| 15 | warrant as a "request" to Google. |
| 16 | 14. By November 18, 2016, Google provided a "supplemental" production of materials. The data |
| 17 | remained apparently incomplete. |
| 18 | 15. On November 21, 2016, Google provided a letter with "objections" to the Warrant and indicated |
| 19 | that it had not provided all of the data demanded by the Warrant. |
| 20 | 16. Google did not move to quash the warrant until December 6, 2016. |

So sworn, this 13TH day of January, 2017.

*[signature]*
Special Agent Michael Delaney
Homeland Security Investigations

DECLARATION OF SA DELANEY

2



United States Attorney
Northern District of California

*11th Floor, Federal Building*
*450 Golden Gate Ave., Box 36055*
*San Francisco, CA 94102-3495*

(415)436-7200
FAX: (415) 436-7234

SEALED BY ORDER OF COURT

February 6, 2017

Hon. Laurel Beeler
United States Magistrate Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *In re: Search Warrant for Production by Google Issued on June 30, 2016*
3:16-MC-80263 (LB) **UNDER SEAL**

Dear Judge Beeler:

This letter is intended to notify the Court of additional supplemental authority that issued following the filing of the Government's Opposition and Motion to Show Cause. On February 3, 2017, the Honorable Magistrate Judge Thomas Reuter from the Eastern District of Pennsylvania issued the attached ruling in connection with two search warrants sought by the government. The government believes that the ruling by Judge Reuter is relevant to this Court's decision.

Respectfully,

BRIAN J. STRETCH
UNITED STATES ATTORNEY

By: /s/ Susan Badger
jw: William Frentzen
Assistant United States Attorney

Enc.
cc: Todd Hinnen, Esq. (counsel for Google, Inc.)

```
 1 | BRIAN J. STRETCH (CABN 163973)
   | United States Attorney
 2 |
   | BARBARA VALLIERE (CABN 147374)
 3 | Chief, Criminal Division
   |
 4 | WILLIAM FRENTZEN (LABN 24421)
   | KATHRYN HAUN (DCBN 484131)
 5 | MERRY JEAN CHAN (CABN 229254)
   | Assistant United States Attorneys
 6 |
   |     450 Golden Gate Avenue, Box 36055
 7 |     San Francisco, California 94102-3495
   |     Telephone: (415) 436-6959
 8 |     Fax: (415) 436-7234
   |     William.Frentzen@usdoj.gov
 9 |
   | Attorneys for United States of America
10 |
```

ORIGINAL
FILED

FEB 06 2017

CLERK, U.S. ...
NORTHERN D... ... CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In the Matter of the Search of Content ▮▮▮▮ ) Case No. 3:16-mc-80263-LB
▮▮▮▮ Stored at the Premises )
Controlled by Google Inc. and Further ) UNITED STATES' UNOPPOSED MOTION TO
Described in Attachment A ) CONTINUE HEARING
 )
 ) FILED UNDER SEAL

The government hereby respectfully requests that the Court continue the hearing in this matter from February 16, 2017 to February 20 or 21, 2017. The request is based on the following:

1. AUSA Frentzen is scheduled to teach at the National Advocacy Center from February 14 through 17, 2017; and
2. Trial Attorney Andrew Pak from the Computer Crimes and Intellectual Property Section of the Department of Justice will travel from Washington, D.C., to San Francisco for the hearing and February 20 or 21, 2017 are better dates for his attendance.

Based on the foregoing, the government is requesting that the Court select one of these proposed alternate dates for the hearing, or another date convenient to the Court and the parties. The government has conferred with Google Inc. ("Google") and Google does not object to the government's request for a continuance. Due to the nature of the litigation, the government also respectfully requests that the Court order this document be filed under seal.

Dated: February 3, 2017

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

~~William Frentzen~~
~~Kathryn Haun~~
Merry Jean Chan
Assistant United States Attorneys

IT IS HEREBY ORDERED, that for good cause shown this document shall be filed and maintained UNDER SEAL until further order of this Court.

Date: 2/3/201?

HON. LAUREL BEELER
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF CALIFORNIA

USA'S UNOPPOSED MOTION TO CONTINUE HEARING
CASE NO. 3:16-MC-80263-LB

1

1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA VALLIERE (CABN 147374)
3  Chief, Criminal Division

4  WILLIAM FRENTZEN (LABN 24421)
   KATHRYN HAUN (DCBN 484131)
5  MERRY JEAN CHAN (CABN 229254)
   Assistant United States Attorneys
6
        450 Golden Gate Avenue, Box 36055
7       San Francisco, California 94102-3495
        Telephone: (415) 436-6959
8       Fax: (415) 436-7234
        William.Frentzen@usdoj.gov
9
   Attorneys for United States of America

10                          UNITED STATES DISTRICT COURT
11                         NORTHERN DISTRICT OF CALIFORNIA
12                              SAN FRANCISCO DIVISION
13

14 In the Matter of the Search of Content        ) Case No. 3:16-mc-80263-LB
                        Stored at the Premises   )
15 Controlled by Google, Inc. and Further        )
   Described in Attachment A                     ) UNITED STATES' CORRECTION TO
16                                               ) UNOPPOSED MOTION TO CONTINUE
                                                 ) HEARING
17                                               )
                                                 ) FILED UNDER SEAL
18                                               )
19
20
21
22
23
24
25
26
27
28

USA'S CORRECTION TO UNOPPOSED MOTION TO CONTINUE HEARING

The government moved the Court to continue the hearing in this matter from February 16, 2017 to February 20 or 21, 2017. The government now understands that February 20, 2017, is a holiday for the Court – George Washington's Birthday (President's Day). As a result, the government moves for the Court to continue the hearing to February 21, 2017.

Due to the nature of the litigation, the government also respectfully requests that the Court order this document be filed under seal.

Dated: February 6, 2017

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

_____
William Frentzen
Kathryn Haun
Merry Jean Chan
Assistant United States Attorneys

IT IS HEREBY ORDERED, that for good cause shown this document shall be filed and maintained UNDER SEAL until further order of this Court. *The hearing is reset to 2/21/2017 at 2 p.m.*

Date: 2-6-2017

_____
HON. LAUREL BEELER
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF CALIFORNIA

USA'S CORRECTION TO UNOPPOSED MOTION TO CONTINUE HEARING

1