Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Todd M. Hinnen, *pro hac vice*
THinnen@perkinscoie.com
John R. Tyler, *pro hac vice*
RTyler@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Non-Party
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**In the Matter of the Search of Content Stored at Premises Controlled by Google Inc. and Further Described in Attachment A**

Case No. 3-16-80263-RS

**Non-Party Google Inc.'s Administrative Motion for an Order of Civil Contempt**

**[Civil Local Rule 7-11]**

## I. Introduction

On August 14, 2017, the Court denied Google's Motion to Quash and ordered Google Inc. ("Google") to produce certain foreign-stored communications to the government in response to a search warrant. *See In re Search of Content Stored at Premises Controlled by Google Inc. and Further Described in Attachment A*, No. 16-mc-80263-RS, 2017 WL 3478809 (N.D. Cal. Aug. 14, 2017) (the "August 14 Order"). Because the August 14 Order conflicts directly with the ruling of the Second Circuit Court of Appeals, *see In re Warrant to Search a Certain E-Mail Account Controlled & Maintained by Microsoft Corp.*, 829 F.3d 197 (2d Cir. 2016)

("*Microsoft*"); *reh'g denied en banc*, 855 F.3d 53 (2d Cir. 2017) ("*En Banc Denial*"), the only appellate court to have addressed the issue, Google intends to appeal to obtain legal clarity from the appellate court in its home district. Google therefore does not intend to comply with the August 14 Order while seeking appellate review.[1]

Because entry of a civil contempt order is necessary to remove doubt as to the basis for appellate jurisdiction and would facilitate prompt appellate review, and because compliance with the Court's August 14 Order would undermine Google's ability to seek legal clarity in its home district, Google sought the government's agreement to enter into a stipulation of civil contempt with any sanctions stayed pending appellate review of the August 14 Order. The government agreed to a similar stipulation in the *Microsoft* case, and indeed it recently entered into such a stipulation with Google in another jurisdiction with stayed sanctions identical to those Google sought here. In this case, however—despite this Court's recognition that Google is proceeding in good faith in this litigation to seek clarity on an important legal issue—the government refused to enter into any stipulation with a stay of sanctions. Google accordingly brings this motion to respectfully request that the Court enter the proposed Order finding Google in civil contempt, devise an appropriate sanction, and stay any sanctions during the pendency of Google's appeal.[2] Google will continue to preserve information in its possession that is called for by the warrant but stored outside of the United States, and would immediately produce this information if, after exhausting its appellate options, it does not prevail.[3]

---

[1] Google understands that complying with the August 14 Order would potentially undermine the Ninth Circuit Court of Appeals' jurisdiction over this matter and therefore Google's ability to obtain the legal clarity it seeks.

[2] Consistent with common practice, and based in part on this Court's finding that Google has made "diligent, good faith efforts to comply with current law" in this matter, Aug. 14 Order, 2017 WL 3478809, at *5, Google requested that the government stipulate to civil contempt with stayed sanctions to facilitate a prompt appeal. Although the government has in related litigation in another jurisdiction stipulated to the terms Google proposed, *see* Declaration of John R. Tyler ("Tyler Decl."), ¶¶ 3-4, Ex. B-C, it declined to do so here. The government instead indicated that it would oppose Google's exercise of its right to appeal unless Google was required to pay coercive sanctions for each day the appeal was pending. *See* Tyler Decl., ¶ 6.

[3] This motion is properly styled as an administrative motion pursuant to Civil Local Rule 7-11 because it concerns a matter "not otherwise governed by a federal statute, Federal or local rule or standing order." Civil Local Rule 7-8, which otherwise governs "motion[s] for sanctions," does not apply here because Google is not asking the court to sanction another party. There is no dispute that Google does not intend to comply with the August 14 Order while it seeks appellate review, and by this motion Google is simply so advising the Court and requesting an appropriate order to facilitate review.

## II. Argument

### A. An Order of Civil Contempt Is a Final, Appealable Order.

It is well established that an order finding a non-party in civil contempt is a final, appealable order. *See, e.g., Estate of Domingo v. Republic of Philippines*, 808 F.2d 1349, 1350 (9th Cir. 1987) (recognizing a non-party's "right of appeal" once he submits to contempt) (citing *David v. Hooker, Ltd.*, 560 F.2d 412, 416 (9th Cir. 1977)); *In re Grand Jury Subpoenas Dated December 10, 1987*, 926 F.2d 847, 853 (9th Cir. 1991) (same); *see also In re Sealed Case*, 141 F.3d 337, 339 (D.C. Cir. 1998) (contempt order against a non-party "is considered final" and subject to appellate review). The Supreme Court has held that the claims of a non-party that receives an adverse discovery order become "ripe for appellate review" when a finding of contempt is entered. *United States v. Ryan*, 402 U.S. 530, 532 (1971); *see also Church of Scientology of California v. United States*, 506 U.S. 9, 18, n. 11 (1992).

Indeed, the government has recently stipulated, and an appellate court has recently found, that such an order of civil contempt provides an appropriate basis for appellate review in a case that raised the same legal issues as this matter. In *Microsoft*—the case that lies at the root of this litigation—the Second Circuit Court of Appeals recognized that an order finding a service provider in civil contempt was a final appealable order. *See Microsoft*, 829 F.3d at 205 & n. 9. In *Microsoft*, after the U.S. District Court for the Southern District of New York denied Microsoft's motion to quash a search warrant that purported to compel Microsoft to disclose foreign-stored data, the government and Microsoft stipulated to a finding of contempt, and the Second Circuit acknowledged that the contempt finding rendered the decision sufficiently final for purposes of appellate jurisdiction. *See id.*

### B. A Contempt Order is Final Even If Contempt Sanctions Are Stayed Pending Appeal and a Stay is Appropriate in this Matter.

Where a non-party seeks review "so that the merits of" a discovery order "can be tested," courts have found that it is appropriate to stay contempt sanctions during the pendency of appeal. *Harris v. United States*, 413 F.2d 314, 315 (9th Cir. 1969); *see also Stone v. City and County of San Francisco*, 968 F.2d 850, 854-55 (9th Cir. 1992); Federal Practice & Procedure § 3917 ("A nonparty witness could appeal an adjudication of contempt for failure to obey a discovery order, even though the district court stayed the imposition of sanctions."). Google here seeks in good faith to test the legal merits of the August 14 Order in light of contrary precedent in the Second

Circuit. Given that providers like Google face legal uncertainty in the Ninth Circuit on the important issues raised by this case, the public interest strongly favors allowing Google to proceed with this appeal, and to stay any sanctions so that Google need not comply prematurely at the risk of undermining appellate jurisdiction. Google will continue to preserve the information requested by the warrant, thereby minimizing any harm to the government. Accordingly, Google requests that the Court enter an order of contempt against Google with an appropriate sanction, to be stayed during the pendency of Google's appeal in this matter.

**1. Google Seeks In Good Faith to Clarify an Unsettled Issue of Law in this Circuit.**

The Second Circuit's decision in *Microsoft* has created substantial legal uncertainty regarding whether a warrant issued under the SCA can compel a provider to search and retrieve private customer communications from a foreign data center. The Ninth Circuit has not yet addressed the matter; in fact, the Second Circuit is the only federal appellate court to have done so and the August 14 Order conflicts with the Second Circuit's decision. Because Google has its headquarters within the jurisdiction of the Ninth Circuit, it is particularly important for Google's continued operations to obtain the Ninth Circuit's guidance on this important issue.

The Court's August 14 Order recognized that Google has proceeded in good faith in this matter to seek legal clarity regarding legal issues important to its operations, holding: "In light of the Second Circuit decision in Microsoft and the absence of relevant Ninth Circuit precedent, Google's diligent, good faith efforts to comply with current law do not warrant contempt at this stage of the proceedings." August 14 Order, 2017 WL 3478809, at *5. Google brings this motion for contempt to enable it to obtain "relevant Ninth Circuit precedent" clarifying what is required for Google to "comply with current law" in light of the uncertainty resulting from *Microsoft*.

The contempt order Google seeks here is similar to that entered in *Microsoft* pursuant to a stipulation between Microsoft and the government. Whereas Microsoft sought to appeal in the absence of case law clearly and directly supporting its position, Google seeks to appeal partly on the basis of appellate case law (the *Microsoft* decision) contrary to this Court's decision. Google's basis for appeal and need for clarifying certainty is therefore, if anything, stronger than Microsoft's was. Nonetheless, in *Microsoft*, the government stipulated to a finding of civil contempt without sanctions to facilitate appeal. Here, where the basis for appeal is still stronger,

the government takes the position that Google cannot appeal without incurring coercive, daily sanctions. There is no legitimate basis for the government's change of position.

**2. The Government Commonly Agrees to Stay Sanctions Pending Appeal in Similar Circumstances.**

The government's position is all the more inexplicable because it is has consistently entered into stipulations of contempt with no sanctions or stayed sanctions to facilitate appeal by Internet service providers. As noted above, it entered into a stipulation with Microsoft and agreed that, because the provider only sought "in good faith" to obtain review of the trial court's decision, contempt sanctions were not appropriate during the pendency of the appeal. *See Microsoft*, 829 F.3d at 205 & n. 9.; *see also* Tyler Decl., ¶ 2, Ex. A (Joint Stip. Regarding Contempt Order, Case Nos. 13-MAG-2184; M9-150). It has also recently entered into a stipulation with Google in another jurisdiction with stayed sanctions nearly identical to the stipulation Google proposed here. *See* Tyler Decl., Exs. B-C. And it has elsewhere entered into a stipulation with stayed sanctions with another service provider to facilitate appeal in the Ninth Circuit as recently as this spring. *Id.*, Exs. D-E. There is no sound basis for the government to break with its past practice in this matter, where Google seeks in good faith to exercise its right to appeal to obtain clarifying guidance from the Ninth Circuit in light of the decision contrary to this Court's order of the Second Circuit in *Microsoft*.

## III. Conclusion

As this Court held, Google brought this matter as part of a diligent, good faith effort to clarify and comply with current law. Continuing that effort, Google seeks prompt appellate review of the August 14 Order to clarify the law within the Ninth Circuit in light of precedent contrary to the August 14 Order in the Second Circuit, the only appellate court to have addressed the issue. Accordingly, Google respectfully requests that the Court enter the proposed Order finding Google in civil contempt, devise an appropriate sanction, and stay any sanctions during the pendency of Google's appeal.

DATED: September 13, 2017

**PERKINS COIE LLP**

By: */s/ Todd M. Hinnen*
Todd M. Hinnen, *pro hac vice*
THinnen@perkinscoie.com

Attorneys for Defendant
GOOGLE INC.