Julie E. Schwartz, Bar No. 260624
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350
JSchwartz@perkinscoie.com

Todd M. Hinnen, Bar No. 27176, *pro hac vice*
THinnen@perkinscoie.com
John R. Tyler, Bar No. 42097, *pro hac vice*
RTyler@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Non-Party
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF CONTENT STORED AT PREMISES CONTROLLED BY GOOGLE INC. AND FURTHER DESCRIBED IN ATTACHMENT A | Case No. 3-16-mc-80263 RS<br><br>NON-PARTY GOOGLE LLC'S OPPOSITION TO THE UNITED STATES' MOTION FOR CONTEMPT HEARING AND RESPONSE TO GOOGLE'S MOTION FOR AN ORDER OF CIVIL CONTEMPT |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND BACKGROUND ........ 1
II. ARGUMENT ........ 4
  A. The Court should deny the government's motion as a disfavored motion for reconsideration ........ 4
    1. The Court should construe the government's motion as a motion for reconsideration ........ 4
    2. The Court should deny the government's motion for reconsideration because the government has not met the required standards ........ 5
    3. The Court should award Google the fees and costs it has expended responding to the government's improper motion for reconsideration ........ 7
  B. There is no basis for an evidentiary hearing regarding Google's conduct in responding to the warrant ........ 10
  C. The Court should grant Google's Administrative Motion ........ 10
III. CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ashmus v. Ayers*,
No. 3-93-cv-594-TEH, 2007 WL 1624612 (N.D. Cal. 2007) .......... 5

*Bush v. Liberty Life Assurance Co. of Boston*,
130 F. Supp. 3d 1320, 1327 (N.D. Cal. 2015) .......... 5

*Estate of Domingo v. Republic of Philippines*,
808 F.2d 1349 (9th Cir. 1987) .......... 2

*In re Search of Content Stored at Premises Controlled by Google Inc. and Further Described in Attachment A*,
No. 16-mc-80263-RS, 2017 WL 3478809 (N.D. Cal. August 14, 2017) .......... 2, 3, 7, 9

*In re Warrant to Search a Certain E-Mail Account Controlled & Maintained by Microsoft Corp.*,
829 F.3d 197 (2d Cir. 2016); *reh'g denied en banc*, 855 F.3d 53 (2d Cir. 2017) .......... passim

*Int'l Union, United Mine Workers of America v. Bagwell*,
512 U.S. 821 (1994) .......... 2

*S.E.C. v. Bankers All. Corp.*,
881 F. Supp. 673, 678 (D.D.C. 1995), *on reconsideration in part*, No. C.A. 95-0428 (PLF), 1995 WL 590665 (D.D.C. May 5, 1995) .......... 10

*Savage v. Council on Am.-Islamic Relations, Inc.*,
No. C 07-06076SI, 2009 WL 188848 (N.D. Cal. Jan. 26, 2009) .......... 5

**RULES**

Local Rule 7-9 .......... passim

Local Rule 7-11(c) .......... 9

## I. INTRODUCTION AND BACKGROUND

Google LLC ("Google") initiated this matter to clarify the law in the Ninth Circuit, its home circuit, regarding whether a search warrant issued under the Stored Communications Act ("SCA") compels production of documents stored outside the United States, in light of the decision of the Second Circuit that the SCA does not do so. *See In re Warrant to Search a Certain E-Mail Account Controlled & Maintained by Microsoft Corp.*, 829 F.3d 197 (2d Cir. 2016) ("*Microsoft*"); *reh'g denied en banc*, 855 F.3d 53 (2d Cir. 2017). As of today, the Second Circuit is still the only federal Court of Appeals to have addressed this issue. Prior to initiating this matter, Google produced all the documents consistent with the *Microsoft* decision that it was able to identify and that the warrant required it to produce, making an initial production of documents it could confirm were stored within the United States and supplementing that production as it developed tools that allowed it to make that determination with respect to other types of documents. Beginning the very same day the *Microsoft* decision was handed down, Google engaged the government, through both the Department of Justice's Computer Crime Section and the United States Attorney's Office, regarding the impact of *Microsoft* on Google and its network. When it became clear that Google and the government could not resolve this matter without litigation, Google filed a motion to quash the search warrant to the extent it purported to require the production of documents stored outside the United States.[1]

Unlike United States Attorneys' Offices in more than half a dozen other districts in which similar litigation has proceeded, the government here has sought throughout this litigation to have Google sanctioned for contempt, citing unrelated, long-since resolved matters between Google and the government. The government pressed its arguments for contempt at every stage of this litigation, but because its arguments are meritless, both Magistrate Judge Beeler and this Court have rejected them.

[1] In addition to this primary basis for the motion to quash, Google also asserted that the warrant was vague and overbroad with respect to information relating to certain of Google's services.

Google now seeks to appeal the Court's order denying Google's motion to quash. *See In re Search of Content Stored at Premises Controlled by Google Inc. and Further Described in Attachment A*, No. 16-mc-80263-RS, 2017 WL 3478809 (N.D. Cal. August 14, 2017) (the "August 14 Order"). As it did in two other circuits, Google proposed to the government that the parties enter into a stipulated order finding Google in contempt with a stay of sanctions, which would permit Google to perfect its right to appeal and to move the matter expeditiously toward ultimate resolution. The Ninth Circuit, like many of its sister circuits, has held that for a non-party to appeal an order requiring it to disclose documents (here, the private, foreign-stored communications of Google users identified in the warrant) it must decline to comply with the order and be held in contempt. *See, e.g., Estate of Domingo v. Republic of Philippines*, 808 F.2d 1349, 1350 (9th Cir. 1987) (affirming longstanding rule that, in order to appeal a discovery order, a non-party must first be held in contempt). Contrary to its position in the other two circuits, the government here refused to enter into a stipulation,[2] delaying resolution of this matter, so that it could recycle arguments—which this Court rejected only weeks before in its August 14 Order—that Google should be sanctioned. Accordingly, Google filed an administrative motion asking this Court to issue the order. *See* Administrative Motion for an Order of Civil Contempt ("Administrative Motion"), ECF No. 86.

Rather than timely respond to the Administrative Motion, the government instead filed a motion requesting a contempt hearing. *See* Motion for Contempt Hearing and Response to Google's Motion for Order of Civil Contempt ("Motion"), ECF No. 87. The Motion purports to request that this Court impose a civil contempt sanction to force Google to comply with the August 14 Order and effectively abandon its right to appeal. *See* Motion at 1. The government's Motion does not address Google's compliance with the August 14 Order, however; instead, it repeats the same meritless arguments previously rejected by the magistrate judge and this Court. The government's position is all the more confounding in light of the government's insistence that it seeks sanctions for *civil* contempt. *See* Motion at 1 (noting that the issue before the Court

[2] *See* Declaration of John R. Tyler in Support of Administrative Motion ("Tyler Decl."), 6 (ECF No. 86-1).

is "what sanction is sufficient to achieve the goal" of ensuring Google's compliance with the August 14 Order). Unlike criminal contempt, which is designed to punish past misconduct, civil contempt is design to compel *future* compliance. *See Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 897 (1994). Both this Court and the Magistrate Judge have declined to hold Google in contempt for its past conduct, and that conduct is irrelevant to the question currently before the Court, namely whether a civil contempt sanction is appropriate and required to compel Google in the future to comply with the Court's Order.

The Court should deny the Motion, both because it amounts to an improper motion for reconsideration, and because it is meritless. The Court has already rejected the government's request for such relief, holding that Google has pursued this matter as part of "diligent, good faith efforts to comply with current law." August 14 Order, 2017 WL 3478809, at *5. The government has offered no basis to reconsider that finding: it relies on the exact same facts, the exact same arguments, and the exact same case law as before. The only basis for holding Google in contempt is Google's decision not to comply with the August 14 Order so that it can obtain a ruling on this matter from the Ninth Circuit, and Google requested in its Administrative Motion that the Court enter such an order. *See* Administrative Motion. There is no basis to impose immediately effective sanctions to compel Google to forgo its good-faith effort to appeal a complex and contested issue of law. Rather, the proposed order submitted with Google's Administrative Motion provides for appropriate sanctions to begin accruing if Google does not promptly comply with a Ninth Circuit ruling on the matter affirming this Court's August 14 order.

As required by this Court's Local Rules, the Court should also award Google the fees and costs it has incurred responding for the third time to arguments the magistrate judge and this Court have already twice rejected. *See* Civil L.R. 7-9(c)(party who, in a motion for reconsideration, repeats arguments, "shall be subject to appropriate sanctions.").

Finally, the Court should grant Google's Administrative Motion to allow Google to obtain clarity from the Ninth Circuit regarding this complicated issue of law. The relief sought by the

Administrative Motion is sufficient to ensure Google's prompt compliance with the August 14 Order if the Ninth Circuit affirms it, which is the sole issue before this Court.

## II. ARGUMENT

### A. The Court should deny the government's motion as a disfavored motion for reconsideration.

#### 1. The Court should construe the government's motion as a motion for reconsideration.

The government already made the arguments in its Motion before the magistrate judge, requesting that Google be held in contempt. *See* Opposition to Motion to Quash and Motion to Compel Compliance with this Court's Order and for an Order to Show Cause for Noncompliance with Federal Court Order ("Opp. to Mot. to Quash & Mot. for OSC"), ECF No. 15, at 24-26. The magistrate judge declined. *See* ECF Nos. 31 & 45.[3] The government then made the same arguments in oral argument before this Court, but this Court, too, declined to hold Google in contempt, finding instead that "[i]n light of the Second Circuit decision in *Microsoft* and the absence of relevant Ninth Circuit precedent, Google's diligent, good faith efforts to comply with current law do not warrant contempt at this stage of the proceedings." *See* August 14 Order, 2017 WL 3478809, at *5**.** The government now asks this Court to reconsider the arguments already rejected by the magistrate judge and this Court that Google should be sanctioned for contempt for seeking to clarify the law in the Ninth Circuit. *See* Motion at 4, n. 2 ("[T]he government does not argue that Google acted in bad faith by appealing Judge Beeler's ruling on the issue raised in Microsoft."); *id*. (noting that the government seeks "an appropriate sanction for [Google's] decision to disobey *the warrant* without seeking judicial assistance . . .") (emphasis added). This is the third time the government has asked for a hearing on this issue. Each time, the government has relied on the same facts, arguing that Google took too long to process the warrant, and that

[3] The government waived any argument that Google should be held in contempt for its actions in responding to the warrant: as this Court noted, the government raised all of its arguments for contempt before Magistrate Judge Beeler; she declined to find Google in contempt; and the government did not object to her order. Aug. 14 Order, 2017 WL 3478809, at *5 ("The government made a similar request to the magistrate judge and she declined to grant it. . . . The government did not seek review of the magistrate judge's order, nor has it sought to avail itself of the joint letter process described in the standing order.").

Google should not have developed and incorporated new tools and procedures to comply with the Second Circuit's decision in *Microsoft*.[4] Because the government here seeks on the same basis the same relief that was previously denied—namely a hearing regarding Google's "decision to disobey the warrant without seeking judicial assistance," *see* Motion at 4, n. 2—the Court should construe this Motion as a motion for reconsideration under Civil L.R. 7-9. *See, e.g.*, *Bush v. Liberty Life Assurance Co. of Boston*, 130 F. Supp. 3d 1320, 1327 (N.D. Cal. 2015) (where party renews an argument or claim already raised and rejected as part of a prior motion, courts construe the repeated argument or claim as "essentially[] a procedurally improper motion for reconsideration" under Civil L.R. 7-9); *Ashmus v. Ayers*, No. 3-93-cv-594-TEH, 2007 WL 1624612 at *2 (N.D. Cal. 2007) (construing a request for evidentiary hearing contained in joint case-management statement as a motion to reconsider prior orders, and denying same).

**2. The Court should deny the government's motion for reconsideration because the government has not met the required standards.**

Local Rule 7-9 prohibits the government from filing a motion for reconsideration without leave of court. Civil L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."). The government must seek such leave by filing a motion for leave. *Id.*, 7-9(b). The government must show "reasonable diligence in bringing the motion," as well as the existence of one of the following conditions precedent:

> **(1)** That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> **(2)** The emergence of new material facts or a change of law occurring after the time of such order; or
>
> **(3)** A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

[4] The government lists eight questions it would like to explore, all of which relate to Google's conduct between the date the warrant issued and the time it filed the motion to quash. Many of the government's questions (e.g., the identities of individual employees) bear no apparent relation to whether a sanction is appropriate and how large any sanction should be. *See* Motion, 9-10.

Civil L.R. 7-9(b)(1)-(3).

The government has not met the requirements of Local Rule 7-9. *See Liberty Life Assurance Co. of Boston*, 130 F. Supp. 3d at 1327 (motion that repeats prior, unsuccessful arguments must meet the requirements of Local Rule 7-9 regardless of whether motion is formally styled as a motion for reconsideration). It has not sought leave. *See, e.g., Savage v. Council on Am.-Islamic Relations, Inc.*, No. C 07-06076SI, 2009 WL 188848, at *1 (N.D. Cal. Jan. 26, 2009) (denying motion for reconsideration as improper because movant failed to seek leave before filing the motion). It has not shown reasonable diligence in bringing this Motion, instead filing it as an untimely rejoinder to Google's Administrative Motion. And the government has not even mentioned, much less attempted to satisfy, any of the conditions imposed by Local Rule 7-9(b).

Nor *could* the government meet any of the conditions warranting reconsideration of the Court's October 14 Order, in which the Court found that, far from providing a basis for immediately sanctionable contempt, Google's conduct in pursuing this matter has merely reflected a good-faith attempt to seek clarification from the Ninth Circuit on a complex and contested area of law in light of *Microsoft*. *See* August 14 Order, 2017 WL 3478809, at *5. Neither the facts nor the law have changed, and no new facts or law have emerged that could justify a different outcome. In fact, the government relies on the same evidence it relied upon twice previously: the warrant and correspondence with Google; the declarations of Special Agent Michael Delaney; and declarations from Google personnel regarding its efforts to respond to the warrant and to develop tools in light of the Second Circuit's decision. *Compare* Motion at 2-5, 6-9, *with* Gov. Opp. to Google's Mot. for De Novo Determination of Dispositive Order; Mot. for Order to Show Cause ("Opp. to Mot. for De Novo Determination"), ECF No. 53 at 1-3, 28-30. The government's arguments, too, are the same: that Google took too long to respond to the warrant; that it should have filed its motion to quash sooner rather than continue to try to resolve the matter without litigation; and that Google should not have developed tools to comply with the Second Circuit's decision. *Compare* Motion at 7-9, *with* Opp. to Mot. for De Novo Determination, ECF No. 53 at 28-30; Opp. to Mot. to Quash & Mot. for OSC at 24-26.

The government likewise cannot cite new or intervening case law in support of its request for an evidentiary hearing regarding Google's conduct in response to the warrant. While the government refers to several decisions in which other magistrate judges or district courts have departed from the Second Circuit's decision regarding the extraterritoriality of the SCA, none of these cases is relevant to Google's conduct in responding to and moving to quash the warrant in 2016, which occurred long before those opinions were issued. None of these cases has any bearing on the government's purported reason for seeking a hearing, *i.e.*, to determine what civil contempt sanction is sufficient to compel Google to comply with this Court's August 14 Order. *See* Motion at 1 ("The issue before this court is what sanction is sufficient to achieve [the] goal" of "deter[ring]" Google's non-compliance with the Court's Order.). And none of the cases addresses Google's desire to obtain legal guidance from the Ninth Circuit. Indeed, Microsoft was in precisely the same position—having lost before the magistrate and the District Court—before its successful appeal in the Second Circuit. It is not unreasonable for Google to take the same approach.

Nor does the government argue that the Court manifestly disregarded dispositive legal arguments or material facts. Instead, the government seeks to marginalize the Court's prior ruling in a footnote. *See* Motion at 4, n.2. The government does not refer to dispositive legal authorities addressing the appropriate contempt sanction in circumstances where a provider has merely sought to comply with the sole Circuit authority on a complex legal issue. It does not direct the Court to any material facts that the Court declined to consider. Indeed, the government does not refer to a single case that is even remotely similar to this one.[5]

In short, the government has neither satisfied the procedural requirements nor demonstrated the existence of any of the conditions precedent necessary to support its request that

---

[5] The government refers to two cases in which courts sanctioned entities such as Time magazine and Honda (neither of which are bound by a federal criminal law prohibiting disclosure of the information that the government sought) after they declined to comply with court orders denying motions to quash subpoenas, but those cases are not relevant to the hearing the government seeks. Although the government conceded that the only issue at play here is what sanction is appropriate to ensure Google's *future compliance*, *see* Motion at 1, the government spends no time actually discussing Google's response to the August 14 Order, and instead seeks to relitigate the propriety of Google's initial response to the warrant in 2016.

this Court reconsider its denial of the government's prior requests for an evidentiary hearing or contempt sanctions.

**3. The Court should award Google the fees and costs it has expended responding to the government's improper motion for reconsideration.**

Under Civil L.R. 7-9(c), a party seeking reconsideration may not "repeat any oral or written argument made" previously in support of the order for which it seeks reconsideration. "Any party who violates this restriction shall be subject to appropriate sanctions." *Id*.

The government has violated this restriction. The Motion revisits four arguments that the government has already unsuccessfully pressed elsewhere. First, the government argues that Google should face consequences because it took too long to produce data in response to the warrant. *See* Motion, ECF No. 87, at 6; Opp. to Mot. for De Novo Determination, ECF No. 53 at 28 (arguing that Google acted contemptuously because it "did not produce data for months"); Opp. to Mot. to Quash & Mot. for OSC, ECF No. 15, at 24 (Google should be held in contempt because it "did not produce data in a timely fashion"). It next repeats that Google should not have interpreted the Second Circuit's decision to apply without seeking guidance from the Court. *See* Motion, ECF No. 87, at 7; Opp. to Mot. for De Novo Determination, ECF No. 53, at 28 (arguing that "Google acted contemptuously" by not "seek[ing] an advisory opinion from a Court in this District or in this Circuit" before it interpreted the SCA in light of *Microsoft*); Opp. to Mot. to Quash & Mot. for OSC, ECF No. 15, at 24-25 (arguing that Google should be held in contempt because it "elected on its own to ignore the scope of the Court's order" and did not "timely petition[] the Court"). Third, the government argues that Google produced incomplete data in response to the search warrant. *See* Motion, ECF No. 87, at 7; Opp. to Mot. for De Novo Determination, ECF No. 53, at 28-29; Opp. to Mot. to Quash & Mot. for OSC, ECF No. 15 at 25 (describing Google's production as "incomplete"). Finally, the government again argues that Google should have sought judicial relief or guidance before investing in new tooling and procedures to account for the Second Circuit's Decision. *See* Motion, ECF No. 87, at 7; Opp. to Mot. for De Novo Determination, ECF No. 53, at 28 (arguing that Google's "decision to try to develop 'tooling' to determine data locations" was contemptuous because "[n]o Judge or Court

gave Google permission to decide that withholding data outweighed the needs of the government's investigation."); Opp. to Mot. to Quash & Mot. for OSC, ECF No. 15, at 25 ("If Google believed that it was not required to produce all of the data called for by the search warrant, then it should have timely petitioned the Court.").

The government has already asked for a hearing regarding Google's efforts to respond to the warrant and its implementation of tooling and development of procedures to comply with the law in light of the *Microsoft* decision. *See* Motion, ECF No. 87, at 1; Opp. to Mot. for De Novo Determination, ECF No. 53 at 30 (arguing that "the Court should hold a hearing to determine whether Google has complied with the order or not" in order to "discourage this type of interference in future search warrants addressed to Google and to other service providers"); Opp. to Mot. to Quash & Mot. for OSC, ECF No. 15, at 26 (asking the court to "hold a hearing to investigate the extent, in this case, to which Google has been acting in compliance" with a prior stipulation regarding a prior warrant response). Both the magistrate judge and this Court denied the government's requests. *See* August 14 Order, 2017 WL 3478809 at *5 (noting that "[t]he government made a similar request to the magistrate judge and she declined to grant it" and that "Google's diligent, good faith efforts to comply with current law do not warrant contempt at this stage of the proceedings"). Rather than accept those decisions, the government has filed an improper motion for reconsideration in an attempt to get yet another bite at the apple.

Google has twice responded to these arguments and the record regarding each is clear and uncontested.[6] This Court has already rejected them. Accordingly, the government "shall be subject to an appropriate sanction." Civil L.R. 7-9(c). The Court should award Google its fees and costs in responding to this Motion.[7]

---

[6] The government's Motion asks for an evidentiary hearing regarding Google's response to the August 14 Order, to determine the appropriate sanction. All of this could have—and should have—been included in a response to Google's Administrative Motion, and can be denied for that reason. *Cf.* Civil L.R. 7-11(c) ("Unless otherwise ordered, a Motion for Administrative Relief is deemed submitted for immediate determination without hearing on the day after the opposition is due.") Moreover, there is no need for a hearing because there is no dispute: Google has not complied with the August 14 Order (and does not intend to do so) because compliance would risk undermining appellate jurisdiction.

[7] Should the Court grant Google's motion, Google will submit an affidavit demonstrating its fees and costs incurred in responding.

**B. There is no basis for an evidentiary hearing regarding Google's conduct in responding to the warrant.**

As the Court previously stated, "[i]n light of the Second Circuit decision in *Microsoft* and the absence of relevant Ninth Circuit precedent, Google's diligent, good faith efforts to comply with current law do not warrant contempt at this stage of the proceedings." August 14 Order, 2017 WL 3478809, at *5. In addition, the Court should deny the government's motion for the reasons set forth on pages 16-19 of Google's Reply in Support of Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge, ECF No. 56, and pages 11-17 of Google's Reply in Support of Motion to Quash or Amend Search Warrant, ECF No. 16.[8]

**C. The Court should grant Google's Administrative Motion.**

The government's Motion makes abundantly clear that it does not seek a hearing on the sole issue before this Court, namely "what sanction is sufficient to achieve [the] goal" of ensuring Google's compliance with the Court's August 14 Order. The government instead seeks to relitigate Google's conduct from June to December 2016, when it received, responded to, and moved to quash the warrant; indeed, the government expressly asks to explore eight specific questions relevant only to that conduct. *See* Motion at 9-10. However, the manner in which Google responded to an evolving and complex legal issue is irrelevant to the appropriateness of a civil contempt sanction going forward; the "goal [in imposing civil contempt] is not to punish but to exert *only so much authority* of the court *as is required to assure compliance*." *S.E.C. v. Bankers All. Corp.*, 881 F. Supp. 673, 678 (D.D.C. 1995), *on reconsideration in part*, No. C.A. 95-0428 (PLF), 1995 WL 590665 (D.D.C. May 5, 1995) (emphases added). As Google's Administrative Motion makes clear, the Proposed Contempt Order is sufficient to assure compliance by imposing on Google a $10,000 per day daily fine that begins to accrue after the appellate resolution of the conflict between the August 14 Order and the Second Circuit's decision in *Microsoft*.

---

[8] Google trusts that, having previously addressed the factual arguments twice, the Court neither needs or wants a third recitation of the facts.

Even if the government had timely replied to Google's Administrative Motion, which it did not, the government has not put forth any reasons why Google's proposed solution is inadequate to ensure Google's future compliance once the complex legal questions posed by this case have been resolved for the Ninth Circuit. The Court should therefore grant Google's Administrative Motion and issue the Proposed Order that accompanied it.[9]

## III. CONCLUSION

For the aforementioned reasons, the Court should construe the government's Motion as a Motion to Reconsider under Local Rule 7-9, and deny the Motion because it fails to satisfy the necessary standards. In addition, Google requests that the Court issue an order entitling Google to its fees and costs in responding to the government's Motion, as required by Civil Local Rule 7-9(c).

DATED: October 4, 2017

**PERKINS COIE LLP**

By: */s/ Todd M. Hinnen*
Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
Todd M. Hinnen, Bar No. 27176
THinnen@perkinscoie.com
John R. Tyler, Bar No. 42097
RTyler@perkinscoie.com

Attorneys for Non-Party
GOOGLE LLC

[9] The United States' petition for certiorari in *Microsoft* is pending before the Supreme Court and has been set for consideration at the Court's October 6, 2017 conference. As the Supreme Court's disposition of that petition might affect the need for or desirability of an appeal to the Ninth Circuit to obtain the necessary clarity in the law, this Court may wish to defer decision on the pending motions in this case until the Supreme Court has acted.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on October 4, 2017, he caused Non-Party Google LLC's Opposition to the United States' Motion for Contempt Hearing and Response to Google's Motion for an Order of Civil Contempt to be served on the person(s) listed below by electronic mail and express mail.

BRIAN J. STRETCH
United States Attorney
BARBARA J. VALLIERE
Chief, Criminal Division
WILLIAM FRENTZEN
MERRY JEAN CHAN
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6959
Fax: (415) 436-7234
William.Frentzen@usdoj.gov
Merry.Chan@usdoj.gov

ANDREW S. PAK
CATHERINE ALDEN PELKER
Trial Attorneys
Computer Crime & Intellectual Property Section
1301 New York Avenue, N.W., Suite 600
Washington, D.C. 20005
Andrew.Pak@usdoj.gov;
Catherine.Pelker@usdoj.gov

DATED: October 4, 2017

**PERKINS COIE LLP**

By: */s/ Todd M. Hinnen*
Todd M. Hinnen, *pro hac vice*
THinnen@perkinscoie.com

Attorneys for Non-Party
GOOGLE LLC.