UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In the Matter of the Search of Content Stored at Premises Controlled by Google Inc. and as Further Described in Attachment A*

Case No. 16-mc-80263-RS

**ORDER HOLDING GOOGLE IN CIVIL CONTEMPT AND DENYING GOVERNMENT'S MOTION FOR EVIDENTIARY HEARING**

## I. INTRODUCTION

On August 14, 2017, this Court ordered Google to fully comply with a government search warrant seeking foreign-stored emails. Google has not complied and now moves to be held in civil contempt so that it can seek appellate review. The government agrees that Google should be held in contempt but also moves for an evidentiary hearing in order to determine an appropriate sanction to be imposed if Google's appeal fails. For the reasons that follow, Google is found in civil contempt of the Court's August 14 order and the government's motion for an evidentiary hearing is denied.

## II. BACKGROUND[1]

On June 30, 2016, the magistrate judge authorized a search warrant, under the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 *et seq*., directing Google to produce stored

---

[1] A more detailed explanation of the underlying facts in this case can be found in the August 14 order (Dkt. No. 84).

content related to certain email accounts. Google moved to quash with respect to content stored outside the United States. The magistrate judge denied the motion and ordered Google to produce all responsive content retrievable from the United States. *See* Dkt. No. 46. On August 14, 2017, this Court affirmed the magistrate judge's order and denied a concurrent request by the government to hold Google in contempt.

On September 13, 2017, Google filed the instant motion asking the Court to: a) hold Google in civil contempt of the August 14 order; b) impose sanctions of $10,000 for every day that Google fails to comply; c) stay those sanctions until seven business days after the Ninth Circuit affirms the Court's order; and d) require Google to preserve any information in its possession that is subject to the search warrant. The terms of the proposed sanctions are similar to the terms of stipulations that Google and other companies have entered into with the government in similar cases in other jurisdictions.[2]

### III. LEGAL STANDARD

Courts have both inherent and statutory power to enforce compliance with their lawful orders through civil contempt. *California Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966); 18 U.S.C. § 401. This power may be exercised over any person or party who "disobeys a specific and definite order of the court." *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984). "Intent is not an issue in civil contempt proceedings. The sole question is whether a party complied with the district court's order." *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983) (internal citations omitted).

Unlike criminal contempt, which is designed to punish, civil contempt is a remedial device that operates "in a prospective manner." *Shillitani*, 384 U.S. 364 at 370. Civil contempt sanctions are employed for two purposes: (1) to coerce compliance with a court's order; and (2) to

---

[2] *See, e.g., In re Search of Information Associated with [redacted]@gmail.com that is Stored at Premises Controlled by Google Inc.*, Case No. 1:16-mj-00757 (BAH) (Sep. 5, 2017 (ECF No. 36). *See also In re Warrant to Search a Certain E-Mail Account Controlled & Maintained by Microsoft Corp.*, Case Nos. 13-MAG-2184; M9-150 (S.D.N.Y. Sep. 4, 2014) (ECF No. 91).

compensate the complainant for losses sustained. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947); *accord United States v. Bright*, 596 F.3d 683, 695-96 (9th Cir. 2010). Given their remedial purpose, civil contempt sanctions must be conditional—i.e., they only operate so long as the contemnor fails to comply with the court order—and generally must be no more than the "minimum sanction necessary to secure compliance." *Id.* at 696 (citing *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992)).

## IV. DISCUSSION

The parties agree that Google should be held in contempt of the August 14 order. They disagree, however, about the appropriate way to devise a sanction that will ensure Google's compliance and about whether an evidentiary hearing is needed to conduct that inquiry effectively.

### A. Devising an Appropriate Sanction

When the purpose of a sanction is coercing compliance, the court must consider "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction." *United Mine Workers*, 330 U.S. at 304. *See also Whittaker,* 953 F.2d at 516. In fixing the amount of a coercive fine, a court should consider the contemnor's "financial resources and the consequent seriousness of the burden" imposed by the sanction. *United Mine Workers*, 330 U.S. at 304.

The government argues that an evidentiary hearing is needed to assess the equities at stake in this case properly and to devise an appropriate sanction. Google, the government contends, has resisted compliance with the search warrant at every turn. It has given little weight to the government's countervailing interest in stopping criminal activity. It also has offered inadequate assurances that all of the data subject to the search warrant has been effectively preserved. It is unclear, the government asserts, why Google has behaved as it has and thus it is difficult, without a more substantial evidentiary record, to devise a sanction that the Court can be confident will secure compliance.

Google, by contrast, argues that its motives are not nearly as opaque as the government suggests. It has not turned over the data subject to the search warrant because it believes, based on

Order holding Google in Contempt and Denying Motion for Hearing
Case No. 16-mc-80263-RS
3

a Second Circuit decision, that it is not legally required to do so. The company is appealing the Court's August 14 order to get clarity on this issue in the Ninth Circuit. It has asked to be held in contempt to ensure that it has standing to pursue its appeal. These actions, Google argues, are taken in good faith and offer no indication that Google will continue to withhold the information sought by the government if its appeal is unsuccessful. There is therefore no need to develop a more substantial evidentiary record or to devise a more severe sanction than the $10,000 per day fine that Google has proposed.

Of the two sides, Google's arguments are more persuasive. The government has an undeniably significant interest in stopping criminal activity and in getting access to materials subject to a valid search warrant. Google has an important interest, on the other hand, in obtaining clarity as to whether a search warrant issued under the SCA compels production of documents stored outside the United States.[3] The government acknowledges that Google has a right to press its appeal; it is not arguing that Google must turn over the information now. Neither is it arguing—at least at present—that Google should be held in criminal contempt for its past behavior. Thus, the only question currently in need of answer is what sanction will secure Google's prompt compliance with the August 14 order should its appeal fail.

As Google correctly notes, this Court already found in the August 14 order that, "[i]n light of the Second Circuit decision in *Microsoft* and the absence of relevant Ninth Circuit precedent, Google's diligent, good faith efforts to comply with current law do not warrant contempt at this stage of the proceedings." None of Google's actions in the past month alters the assessment that Google has acted and continues to act in good faith. Accordingly, there is no reason to believe that the $10,000 per day sanction proposed by Google is insufficient to ensure compliance.

It is true that at first blush $10,000 per day may seem like a small amount to a company of

---

[3] The importance of this legal issue is evidenced by the Supreme Court's recent grant of certiorari from the Second Circuit decision on which Google places principal reliance. *See In re Warrant to Search a Certain E-Mail Account Controlled & Maintained by Microsoft Corp.*, 829 F.3d 197 (2d Cir. 2016), *cert. granted sub nom. United States v. Microsoft Corp.*, No. 17-2, 2017 WL 2869958 (U.S. Oct. 16, 2017).

Google's resources. It is not, however, a meaningless amount. After ten days of noncompliance, Google would owe $100,000. After a year of noncompliance, it would owe roughly $3.6 million. Moreover, if Google's appeal fails—especially if it does so because the Second Circuit's decision in *Microsoft* is overturned by the Supreme Court—Google will be subject to similar sanctions for similar warrants in other districts and also inevitably will be served with additional warrants pursuant to the SCA. The cost to Google of refusing to comply with these warrants will quickly add up. Viewed in this broader context, the $10,000 per day sanction proposed by Google should prove sufficiently coercive; imposing a more severe sanction runs the risk of being more than the "minimum necessary to secure compliance."

**B. Data Preservation**

The government's concerns regarding Google's preservation of data subject to the search warrant may or may not prove valid. It is premature, however, to address this issue. Should Google prevail on appeal, the issue will be moot. If Google loses, it will be required to comply with the August 14 order or be subject to the sanctions imposed by this order. If, at that time, Google fails to turn over data the government believes Google previously possessed but did not preserve, the government can raise the issue and seek an appropriate remedy.

## V. CONCLUSION

Google is held in contempt of this Court's August 14, 2017 order under the following conditions:

1. Google is assessed sanctions of $10,000 per day, payable to the United States, until it complies with the Court's order.
2. These civil contempt sanctions are stayed pending Google's appeal of the Court's August 14, 2017 order. The sanctions shall not accrue during the pendency of the appeal. The sanctions shall only begin accruing seven business days after the filing of an opinion or memorandum decision affirming this Court's order, if Google has already exhausted its appellate options and does not fully comply with this Court's order.

3. During the pendency of the appeal and any related proceedings, Google shall preserve all information called for by the search warrant in this matter.

The government's motion for an evidentiary hearing is denied.[4]

**IT IS SO ORDERED**.

Dated: October 19, 2017

RICHARD SEEBORG
United States District Judge

---

[4] Google's argument that the government's motion for an evidentiary hearing should be treated as a motion for reconsideration does not merit a detailed discussion. Google's associated request for attorney fees is denied.